# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **LYNN MILLER ET AL.** | * | **CIVIL ACTION NO. 08-0575** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **CHASE HOME FINANCE, LLC** | * | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM OPINION AND ORDER

Pending before the undersigned is a Motion to Remand and for Attorneys Fees filed by plaintiffs, Lynn and Larry Miller (the "Millers"), on May 13, 2008. [Record Doc. 7]. Defendant, Chase Home Finance, LLC ("Chase"), filed opposition on May 28, 2008. [Record Doc. 12]. For the following reasons, the motion is **denied**.

## Background

Plaintiffs, the Millers, filed a "Petition for Declaratory Judgment and Damages" in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, on September 27, 2007. They assert that their mobile home was destroyed by Hurricane Rita. At the time, they were borrowers under a Chase mortgage loan.

The Millers assert that they sent several letters to Chase, requesting that Chase apply the insurance proceeds for the destruction of their mobile home in the amount of $38,059.75 (which was in the possession of Chase) to the principal amount of the mortgage in order to substantially eliminate the remaining mortgage balance. Plaintiffs further requested the Chase discontinue any hazard insurance on the property, since there

was no property left to insure.

On April 24, 2008, Chase removed the action to this court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs filed the instant motion to remand and for attorney's fees on May 13, 2008. [Record Doc. 7 ]. Chase filed opposition on May 28, 2008. [Record Doc. 11].

**Law and analysis**

The Millers assert that this case should be remanded because: (1) complete diversity of the parties does not exist, and (2) the amount in controversy has not been satisfied.

As to the complete diversity issue, Chase argues that complete diversity exists because (1) it is a foreign limited liability company with its principal place of business in Delaware, and (2) the Millers are Louisiana residents. In its amended notice of removal, Chase clarified that its single member, Chase Home Finance, Inc., was organized and exists pursuant to the laws of the State of Delaware; its principal place of business is in New Jersey. [Record Doc. 11]. It is well established that, for purposes of diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990). As Chase Home Finance, Inc. is the single member Chase Home Finance, LLC, and is located in New Jersey, complete diversity exists in this case.

As to the jurisdictional amount, the burden rests on the party who invokes the federal court's jurisdiction, here Chase, to establish the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000 for diversity jurisdiction. If it appears to a legal certainty that a claim is less than the jurisdictional amount, there is no federal jurisdiction. *Payne v. State Farm Mutual Insurance Co.*, 266 F.3d 63, 64 (5th Cir. 1959).

The Millers argue that because they alleged in their complaint that their claims were "limited to no more than $75,000", and executed a post-removal stipulation to that effect, that the amount in controversy cannot be met in this case. [Record Doc. 1, Ex. 1, ¶ 15; Record Doc. 7, Ex. A]. In response, Chase asserts that the jurisdictional amount exists because the value of the declaratory judgment ($38,095.75 – the amount of the insurance proceeds at issue here), coupled with the $61,400 claimed in plaintiffs' itemization of damages – namely, $6,400 for force-place insurance premiums, $5,000 to have the mobile home wreckage removed, and $50,000 for mental languish – totals more than $75,000. [Record Doc. 1, Ex. 3, plaintiffs' response to Interrogatory No. 18 ].

The amount in controversy, in an action for declaratory or injunctive relief, is "the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Company, Ltd. v. Greenberg* 134 F.3d 1250, 1252-1253 (5th Cir. 1998). The Millers argue that the $38,059.75 does not represent an "amount in controversy", but

simply represents an amount held by Chase in escrow which Chase has refused to apply to the balance of the mortgage loan or refund to the Millers.

On its face, the plaintiff's argument is appealing. However, it is clear that the Millers owe in excess of the $38,059.75 insurance proceeds to Chase on their mortgage; they seek to have their mortgage reduced by this amount. Obviously, the mortgage indebtedness, as well as the $38,059.75, is "in controversy" in this case. Furthermore, if plaintiffs' arguments are accepted, there could be no value assigned in this case to the declaratory judgement for purposes of diversity jurisdiction. That is clearly not the law.

Additionally, plaintiff designated their petition as a "Petition for Declaratory Judgment and Damages." In a claim for declaratory judgment, based on an insurance policy, it is the value of the claim, not the value of the underlying policy (unless the value of the claim exceeds the value of the policy), that determines the amount in controversy for diversity purposes. *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 911(5th Cir. 2002) (declaratory judgment action); *see also Daigle v. State Farm Insurance Co.*, 2007 WL 119460,*1 (E.D. La., Jan. 11, 2007).

Clearly, plaintiffs' post-removal stipulation that the amount in controversy does not exceed $75,000 is not determinative. In the stipulation, dated May 13, 2008, the Millers assert that their claims against Chase, "including any and all statutory penalties that could apply, do not exceed $75,000". [Record Doc. 7, Ex. A, ¶ 4]. They further assert that "we are not seeking to recover, and will not accept, any sum in excess of $75,000,

exclusive of interests and costs, in this matter." [Record Doc. 7, Ex. A, ¶ 7].

In making a determination as to the amount in controversy pursuant to § 1332, the damages that the court may consider include only those damages claimed at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *see also Pollet v. Sears Roebuck & Co.*, 2002 WL 1939917,*1 (5th Cir. 2002). If at the time of removal it is facially apparent from the petition that the amount in controversy exceeded $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not divest the court of jurisdiction. *Gambia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000); *Clayton v. American Security Insurance Co.*, 466 F.Supp.2d 720, 722 (M.D. La. 2006).

Post-removal affidavits **may** be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce a preponderance of the evidence to show that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing, to a legal certainty, that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 869 (5th Cir. 2002); *Clayton*, 466 F.Supp.2d at 722.

Here, Chase has produced evidence sufficient to show that the amount in controversy exceeds the jurisdictional threshold. Plaintiffs' answers to interrogatories show that they are claiming $200 per month for force-pay insurance premiums; medical

bills owed or paid to Drs. Humphrey and Peavy for depression related to this matter; mental anguish and stress damages in the amount of $50,000; and $5,000 for removal of the mobile home wreckage. [Record Doc. 1, Ex. 3, plaintiffs' response to Interrogatory No. 18].

The Fifth Circuit has recognized that in ascertaining the amount in controversy, items in addition to policy limits, such as potential attorney's fees, penalties, statutory damages, and punitive damages may be considered when the insurer could be liable for these sums under state law. *St. Paul*, 134 F.3d at 1253; *Scottsdale Insurance Company v. Domangue*, 1999 WL 1041908 (E.D. La., Nov. 15, 1999). In addition, the court is empowered to consider "general" as well as "special" damages, when determining the amount at issue. *See Marcel v. Pool Co.*, 5 F.3d 81, 84 (5th Cir. 1993); *Fairchild v. State Farm Mut. Auto. Insurance Co.*, 907 F. Supp.2d 969, 971 (M.D. La. 1995). Here, the value of the insurance claim, combined with a possible award for general and special damages, established that the amount in controversy, more likely than not, exceeded $75,000 at the time of removal. *Wolf v. Balfour Beatty Rail, Inc.*, 2008 WL 1819931,*2 (W.D. La. April 22, 2008).

**Conclusion**

For the foregoing reasons, the motion to remand is **denied**.

July 25, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE